UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

---

| | |
|---|---|
| TEDDY BEASLEY, <br><br> Plaintiff, <br><br> v. <br><br> O'REILLY AUTO PARTS, <br><br> Defendants. | **Civil Action No.:** 2020-92 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

---

Plaintiff, TEDDY BEASLEY ("Plaintiff"), by and through his undersigned counsel, EISENBERG & BAUM, LLP, hereby sues Defendant, O'REILLY AUTO PARTS ("Defendant") and alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff Teddy Beasley is a deaf individual who is considered disabled under federal and state antidiscrimination laws. Plaintiff was hired as an In Bounds Material Handler at O'Reilly Auto Parts in 2016. Since that time, Defendant has subjected Mr. Beasley to discrimination due to his disability of deafness, including by failing to provide him with appropriate auxiliary aids and services to facilitate effective communication, failing to provide him with appropriate auxiliary aids and services to effectuate a safe working environment, and receiving written warnings about his attendance after allegedly receiving two verbal warnings that were never effectively communicated to Mr. Beasley. Mr. Beasley was treated differently than non-disabled employees, and was denied the privileges of his employment due to his disability, in violation of state and federal law up until his resignation due to intolerable conditions of lack of effective communication in 2018.

2.     Plaintiff brings this action against O'Rilley Auto Parts to compel it to cease unlawful discriminatory workplace practices and implement policies and procedures that will ensure that deaf and hard-of-hearing persons are free from discrimination. Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory and punitive damages; and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 et seq.,

## THE PARTIES

3.     Plaintiff TEDDY BEASLEY is an individual residing in Saraland, Alabama. Mr. Beasley was an employee at O'Reilley Auto Parts in Saraland, Alabama. Mr. Beasley is deaf, primarily communicates in American Sign Language (ASL), and is substantially limited in his major life activities of hearing and speaking within the meaning of federal and state antidiscrimination laws.

4.     Defendant O'REILLY AUTO PARTS is a corporation with a corporate headquarters located at 233 South Patterson Avenue, Springfield, MO 65802-2298. Defendant employed Plaintiff at the O'Reilly Auto Parts distribution center located at 120 Jacintoport Blvd, Saraland, AL 36571. Defendant is an employer under federal anti-discrimination laws and received funds from the federal government, and is therefore subject to the requirements of the ADA.

## JURISDICTION & VENUE

5.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under the laws of the United States.

6.\tVenue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant has sufficient contacts with this District to subject it to personal jurisdiction at the time this action is commenced, and the acts and omissions giving rise to this Complaint occurred within this District.

## STATEMENT OF FACTS

7.\tPlaintiff is a deaf individual who communicates primarily in American Sign Language ("ASL"), which is his expressed, preferred, and most effective means of communication.

8.\tPlaintiff worked for Defendant from 2016 until 2018 and resigned, in part, due to the discrimination he continuously suffered while working for the Defendant.

9.\tPlaintiff worked as an In Bounds Material Handler at O'Reilly Auto Parts distribution center in Saraland, Alabama.

10.\tAs a part of Plaintiff's employment, he is required to attend training to perform his job functions and for his safety.

11.\tPlaintiff has repeatedly requested an American Sign Language interpreter to enable effective communication during these trainings.

12.\tDefendant ignored and denied Plaintiff's repeated requests for an interpreter for these trainings.

13.\tUpon information and belief, Plaintiff has not been provided with necessary training because Defendant refused to provide an interpreter.

14.\tOn numerous occasions, Plaintiff has been required to attend meetings with his supervisor and coworkers to discuss various things, including Plaintiff's job performance, new procedures, and other information that the employees need to know to conduct the functions of their day to day duties. Plaintiff has requested an interpreter at the meetings to facilitate communication.

15. Defendant ignored and denied Plaintiff's requests for an interpreter for these meetings and instead resorted to occasionally texting him summaries of these meetings, oftentimes only after Mr. Beasley notified his supervisor that he did not get a summary.

16. On other occasions, Defendant allegedly gave Plaintiff verbal warnings relating to his attendance which ultimately resulted in a written warning; however, Plaintiff contends he was never given these "verbal warnings" and if he did there was no interpreter present so he was not aware of these "warnings".

17. Plaintiff has also requested, starting from his job interview throughout his tenure, to have basic safety alarms and lighting in the building to alert Plaintiff to any fire or other emergency that may occur.

18. Defendant ignored and denied Plaintiff's requests for these safety accommodations.

19. Plaintiff has, at all times, been qualified to perform all functions of his job with reasonable accommodation.

20. Despite Plaintiff's best efforts, Defendant and its employees have treated Plaintiff in a way that is deliberately indifferent because of his disability, and have repeatedly failed to accommodate Plaintiff's disability.

21. The discriminatory behaviors hereinbefore described continued up until Plaintiff's eventual resignation. Plaintiff resigned, due to the continued discrimination he suffered while employed by the Defendants. In fact, Plaintiff notified his HR representative that the lack of accommodations throughout his employment led to his extreme frustration and forced him to resign. During his employment and throughout the present day Plaintiff suffered and continues to suffer from embarrassment, violation of his civil rights, emotional distress, and irreparable damage to his reputation and career prospects.

**CONDITION PRECEDENT**

22. Pursuant to the requirements of the 42 U.S.C. § 2000e-5, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on February 10, 2017.

23. The EEOC issued a Notice of Right to Sue on November, 15 2019.

24. Plaintiff received this Notice of Right to Sue on November, 20, 2019

25. This Complaint is timely in that it was filed within ninety (90) days of the receipt of the Notice of the Right to Sue.

26. The EEOC found cause for Plaintiff's discrimination complaint

27. Therefore, Plaintiff has satisfied all conditions precedent to the filing of his Complaint.

### CLAIM I: VIOLATIONS OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT

28. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

29. At all times relevant to this action, Title I of the ADA, 42 U.S.C. §§ 12111, et seq. has been in full force and effect and has applied to Defendant's conduct.

30. At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of hearing and speaking. Accordingly, he is an individual with a disability within the meaning of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12102(2).

31. Defendant is both a covered entity and an employer within the meaning of Title I of the ADA, 42 U.S.C. §§ 12111(2) and 12111(5), respectively.

32. Title I of the ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring,

advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

33. Title I of the ADA defines discrimination to include "limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee." 42 U.S.C. § 12112(b)(1).

34. Title I of the ADA further defines discrimination to include utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability, or that perpetuate the discrimination of others who are subject to common administrative control. 42 U.S.C. § 12112(b)(3).

35. Title I of the ADA further defines discrimination to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A).

36. Title I of the ADA further defines discrimination to include "denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant." 42 U.S.C. § 12112(b)(5)(B).

37. The ADA prohibits retaliation, stating that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a).

38. The ADA further prohibits retaliation, stating that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter." 42 U.S.C. § 12203(b).

39. Defendant discriminated against Plaintiff on the basis of his disability by discriminating against him in regard to the terms, conditions, and privileges of employment in violation of 42 U.S.C. § 12112(a); limiting him in a way that adversely affects his opportunities and status in violation of 42 U.S.C. § 12112(b)(1); using methods of administration that have the effect of discrimination on the basis of disability in violation of 42 U.S.C. § 12112(b)(3); failing to make reasonable accommodations in violation of 42 U.S.C. § 12112(b)(5)(A); denying employment opportunities based on the need to make such accommodations in violation of 42U.S.C. § 12112(b)(5)(B); retaliating against Plaintiff for asserting his ADA rights in violation of 42 U.S.C. § 12203(a); and threatening and interfering with Plaintiff's exercise of his ADA rights in violation of 42 U.S.C. § 12203(b).

40. On information and belief, discrimination against deaf and hard of hearing individuals is the result of a policy and/or practice of Defendant to limit, restrict, or segregate employees based on their disability.

41. As set out above, absent injunctive relief there is a clear risk that Defendants' actions will recur with Plaintiff and/or additional deaf employees.

42. Plaintiff is therefore entitled to compensatory and punitive damages, injunctive relief, and an award of attorney's fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12117(a).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief:

a. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant's policies, procedures, and practices have subjected Plaintiff to unlawful discrimination in violation of Title I of the Americans with Disabilities Act;

b. Enjoin Defendant from implementing or enforcing any policy, procedure, or practice that discriminates against deaf and hard-of-hearing individuals;

c. Order Defendant:

   i. to develop, implement, promulgate, and comply with a policy prohibiting future discrimination against Plaintiff or other deaf or hard of hearing individuals;

   ii. to develop, implement, promulgate, and comply with a policy to ensure that Defendant will notify individuals who are deaf or hard of hearing of their right to effective auxiliary aids and services;

   iii. to train all its employees, staff, and other agents about the rights of individuals who are deaf or hard of hearing under the ADA.

d. Award to Plaintiff:
   i. Compensatory damages pursuant to the ADA;

   ii. Punitive damages pursuant to the ADA;

   iii. Reasonable costs and attorneys' fees pursuant to the ADA;

   iv. Interest on all amounts at the highest rates and from the earliest dates allowed by law;

   v. Any and all other relief that this Court finds necessary and appropriate.

## **JURY DEMAND**

Plaintiff demands trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Respectfully submitted,

By:

Andrew Rozynski (seeking *pro hac vice*)
EISENBERG & BAUM, LLP
24 Union Square East, Fourth Floor
New York, NY 10003
Tel: (212) 353-8700
Fax: (212) 353-1708
*Attorneys for Plaintiff Teddy Beasley*

Edward Zwilling
The Law Offices of Ed Zwilling
4000 Eagle Point Corporate Drive
Birmingham, AL  35242
Local Counsel for Plaintiff
Alabama Bar No. ZWILE1564